IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20532
Conference Calendar
_____

BRUCE LEE WILLIS,

                                        Plaintiff-Appellant,

versus

MR. N. BATES; MRS. C. RICHARDS; MR. TOLLIVER;
MRS. MOSELY; MRS. TRAPPIO; MRS. GRAHAM; MR. L. LENTZ;
MR. C. WABARA; ASSISTANT REGIONAL DIRECTOR;
INTERNAL AFFAIRS; JOHN CLAYMAN; BOARD OF PARDONS
AND PAROLES,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-1156
--------------------
October 29, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

    Bruce Lee Willis, Texas prisoner #717354, appeals the

district court's dismissal without prejudice of his *pro se*, *in*

*forma pauperis* (IFP) 42 U.S.C. § 1983 complaint.  The district

court reasoned that Willis' suit was barred by Heck v. Humphrey,

512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997),

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because all of his claims in some way related to the revocation of his parole.

Willis' brief fails to address any issue that is before this court. Willis recounts the facts surrounding his termination by an unnamed corporation and its parent company based upon a "dirty uranalysis." The district court denied Willis' motion to add the unnamed corporation as a defendant, however, and Willis has not challenged the denial of said motion. The remainder of Willis' brief discusses the facts underlying his claims against the defendants. Willis does not dispute the district court's determination that his claims against the defendants are barred by Heck and Edwards. Because Willis does not address on appeal the district court's reason for dismissing his civil rights action, he has abandoned the only issue on appeal. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Willis' appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous constitutes one strike for purposes of the 28 U.S.C. § 1915(g) bar. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Willis that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

DISMISSED AS FRIVOLOUS; WARNING ISSUED.